#### (92 South. 57)

#### No. 24975.

## SMITH v. MACON RIDGE NAT. BANK.

(April 24, 1922. Rehearing Denied by Division B May 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Pledges** &#8634;56(1)—**Pledgee of cotton can only sell for satisfaction of debt after judgment, unless pledgor authorizes different sale.**

Under Act No. 9 of 1872, amending and reenacting Civ. Code, art. 3165, a pledgee of cotton, in order to sell it legally to satisfy the secured debt, must do so by means of legal process, after judgment obtained, unless the pledgor authorizes its sale otherwise.

2. **Pledges** &#8634;36—**Questions in action for unauthorized sale by pledgee held questions of fact.**

In an action against a pledgee of cotton for an alleged unauthorized sale, the questions whether plaintiff authorized the sale of the cotton at private sale, and, if he did on condition, whether the condition existed that authorized the sale, and whether he acquiesced in the sale, were questions of fact.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Suit by W. E. Smith against the Macon Ridge National Bank. Judgment for defendant, and plaintiff appeals. Affirmed.

Ellis & Ellis, of Amite, for appellant.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. Plaintiff has instituted this suit to recover of defendants, the Macon Ridge National Bank, $75,649.99, with legal interest thereon from judicial demand. His cause of action is based on the alleged fact that the bank, defendant herein, without authority, and even contrary to his instructions, sold at private sale 312 bales of cotton, which he had pledged to it to secure the payment of money that he had borrowed, with which to pay for the cotton. The defense is that the bank was authorized by plaintiff to sell the property pledged, and that the sale was made with the knowledge, acquiescence, and consent of plaintiff.

[1] One to whom cotton is pledged, in order to sell it legally to satisfy the debt for which it was pledged, must do so by means of legal process, after judgment obtained, unless the pledgor authorizes its sale otherwise. Act No. 9 of 1872, amending and re-enacting article 3165 of the Civil Code. This rule of law is not questioned in this case, and hence the case is resolved into one of fact in that respect.

Plaintiff was buying cotton in the autumn of 1918, and was in need of money for that purpose. He applied to the defendant, and, although it had, at the time, an authorized capital of only $25,000, and a surplus of approximately $6,000, it cashed for him, within a short period, drafts, payable on demand, drawn by the vendors of the cotton on plaintiff, and accepted by him, aggregating over $40,000. To these drafts were attached the receipts of the warehouse company that held the cotton in storage. The drafts were cashed by defendant at their face value, under an agreement with plaintiff.

The contention of defendant is that, in arranging the matter, it was agreed, in the event

cotton should depreciate in value, that defendant should have the right to call on plaintiff for additional security; and, should there be a failure to furnish it, defendant should have the right to sell the cotton, at private sale, to satisfy the indebtedness. It is also defendant's contention that on February 10, 1919, cotton having declined in value, it called upon plaintiff to furnish additional security; that plaintiff failed to do so, and stated that he would not sell; that, if defendant wished to sell and break him, it might do so.

The cotton, a few days after this, was shipped to New Orleans to be put in marketable condition because of its damaged state, and after having been put in proper condition was sold by defendant in the open market.

[2] The question to be determined, as to whether plaintiff authorized the sale of the property, at private sale, is purely one of fact, as is also the question that, if he did, but only upon condition, whether the condition existed that authorized the sale, as is likewise the question as to whether plaintiff acquiesced in the sale.

The evidence on each of these points is conflicting. It will serve no useful purpose to review it. A careful examination of it satisfies us that plaintiff authorized the sale; that when demand was made upon him for additional security, because of the decline of cotton, he failed to furnish it, and then informed defendant that he would not sell, but if defendant wished to sell and break him, it might do so. We are further satisfied that when the cotton was shipped to New Orleans to be put in proper condition plaintiff knew that it was sent there also to be sold by defendant, and made no objection at the time. We are therefore of the opinion that plaintiff's demand should be rejected.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be affirmed, appellant to pay the costs.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.